The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Richard B. Ford and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for the modifications relating to the requested and herein approved spinal stimulator.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 29 January 1996 as:
STIPULATIONS
1. The above two cases, I.C. File Numbers 150989 and 577886, are combined for purposes of trial.
2. A North Carolina Industrial Commission Form 21, Settlement Agreement, approved 23 September 1991 appears in the Commission file number 150989.
3. On 30 April 1991 and 1 April 1995, respectively, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
4. On said date an employer-employee relationship existed between the parties.
5. As of said date, State Farm Fire Casualty and Commercial Union Ins. Co. of N Y provided the coverage to the employers as provided under said Act.
6. Plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer Neal W. Perry, Inc. on 30 April 1991 and that plaintiff alleges that he sustained an injury by accident arising out of and in the course of the employment with defendant-employer Wittenbach Business Systems on 1 April 1995.
7. On said dates plaintiff was earning an average weekly wage sufficient to generate the maximum compensation in both cases.
8. That the issues to be determined in this case are:
 a. Did plaintiff sustain an injury by accident arising out of and in the course of his employment with defendant-employer, Neal W. Perry, Inc., on 30 April 1991 resulting in the injuries upon which plaintiff's claim is based.
 b. Did plaintiff sustain an injury by accident arising out of and in the course of his employment with defendant-employer, Wittenbach Business Systems, on 1 April 1995 resulting in the injuries upon which the plaintiff's claim is based.
 c. Are defendants estopped from pleading the bar to plaintiff's claim pursuant to G.S. § 97-47
of the Act in case I.C. No. 150989.
 d. To what compensation, if any, is plaintiff entitled under the Act and which carrier is responsible for the payment of such compensation, if any, to plaintiff.
9. The parties stipulated to the following items:
 a. Plaintiff began his employment with defendant-employer, Neal W. Perry, Inc., in 1987 and presently is employed by defendant-employer, Wittenbach Business Systems.
At the hearing before Deputy Commissioner Ford, the parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of a letter dated 1 April 1992.
2. Plaintiff's Exhibit 2, marked P2, consisting of a letter dated 25 June 1992.
3. Plaintiff's Exhibit 3, marked P3, consisting of a letter dated 6 June 1995, excepting any references to settlement negotiations.
4. Plaintiff's Exhibit 4, marked P4, consisting of a letter dated 22 June 1995 excepting any references to settlement negotiations.
5. Plaintiff's Exhibit 5, marked P5, consisting of a letter dated 7 June 1995, excepting any references to settlement negotiations.
6. Defendant's Exhibit 1, marked D1, consisting of a letter dated 25 June 1992, with Form 28B and return receipt.
Subsequent to the hearing on 30 April 1996, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Judy Sheerer dated 19 July 1996.
2. Deposition of Dr. Todd M. Chapman dated 16 July 1996.
3. Deposition of Dr. Raymond C. Sweet dated 17 July 1996.
***********
The Full Commission adopts the finding of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is approximately 34 years of age, has a high school education and training in nuclear power, is qualified as a nuclear operator, has served in the U.S. Navy on submarines and became employed by defendant-employer, Neal W. Perry, Inc., in 1987 for whom he has worked in the managerial area and at the present time now continues to be employed by defendant-employer, Wittenbach Business Systems, and since February 1994 holds the position of vice-president of said Wittenbach Business Systems.
2. On 30 April 1991, while plaintiff was employed by Neal W. Perry, Inc., he sustained an injury by accident to his low back while performing the duties of his employment when lifting a box of tools from his automobile, and for which he received medical care and treatment, including surgical disk repair at L4-5 July 12, 1991, and compensation as an admitted claim, including an eight percent disability rating of his back, the last of said medical treatment occurring in June of 1994.
3. Since 30 April 1991, plaintiff has suffered from pain intermittently in his low back and although medically given the option of a further surgical procedure subsequent to July of 1991 with respect to his low back has opted not to avail himself of a further invasive surgical procedure as he was able to keep the pain durable by medication and conservative treatment until 1 April 1995.
4. On or about 1 April 1995, while plaintiff was engaged in the duties of his employment for defendant-employer, Wittenbach Business Systems, and as he was carrying equipment weighing approximately 30 pounds, he slipped on a rug and twisted his back which resulted in increased low back pain and pain radiating down his left leg.
5. Subsequent to 1 April 1995, plaintiff began to receive further medical care and treatment on or about 3 April 1995 or 17 April 1995 during the course of which medical treatment plaintiff has been further medically tested by MRI revealing a large disk herniation at L4-5 for which surgery was medically recommended and first performed on 7 September 1995 and again on 10 October 1995 subsequent to which surgeries it has been medically recommended that plaintiff be treated with a spinal stimulator for pain control.
6. Subsequent to 1 April 1995, it has been medically opined that the incident of 1 April 1995 constituted a new injury and an aggravation or exacerbation of a pre-existing condition that plaintiff, as of 22 August 1995, should be medically removed from performing his work duties for defendant-employer, Wittenbach Business Systems, all of which the undersigned finds as facts.
7. Subsequent to 22 August 1995, after receiving competent medical information, plaintiff gave notice of his claim to defendant-employer, Wittenbach Business Systems, and filed the necessary North Carolina Industrial Commission Forms to perfect a claim for such an injury.
8. On 1 April 1995, plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer, Wittenbach Business Systems, resulting in a rupture of a disk in plaintiff's low back at L4-5.
9. Plaintiff has not reached maximum medical improvement with respect to his low back injury occurring on 1 April 1995.
10. Plaintiff has lost time from work as a result of the said injury from 22 August 1995 up to and including the date of this hearing.
11. Plaintiff was earning an average weekly wage sufficient to generate the maximum compensation rate for the year 1995 on 1 April 1995.
12. Subsequent to 22 August 1995, defendant-employer, Wittenbach Business Systems, has paid plaintiff full salary to 15 March 1996 and thereafter 60 percent of his said salary.
13. The Full Commission finds that the use of a spinal stimulator for a trial period would medically benefit plaintiff. This trial period shall run for five to seven days [seven if a weekend is involved]. This length of time will provide appropriate data from which plaintiff's physicians and the Full Commission can determine whether or not its continued use is warranted. If at the end of this trial period the medical evidence establishes that future use of the stimulator will provide a continued medical benefit to plaintiff, the appropriate Orders will then be filed by the Full Commission.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 1 April 1995, plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer, Wittenbach Business Systems, resulting in a rupture of a disk in plaintiff's low back at L4-5. G.S. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation benefits from 22 August 1995 at the rate of $478.00 per week until such time as it shall be otherwise Ordered by the North Carolina Industrial Commission. G.S. § 97-29.
3. Plaintiff is entitled to the payment of medical expenses resulting from the incident of 1 April 1995 including the cost of a spinal stimulator and the installation and maintenance thereof for a trial period of five to seven [5-7] days from the date of installation. G.S. § 97-25.
4. Defendants Wittenbach Business Systems and its carrier are entitled to a credit for the compensation and wages paid to plaintiff subsequent to 22 August 1995 against the compensation herein awarded. G.S. § 97-42.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms and modifies the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants Wittenbach Business Systems and/or its carrier, shall pay to plaintiff in one lump sum temporary total disability compensation benefits from 22 August 1995 at the rate of $478.00 per week until such time as it shall be otherwise Ordered by the North Carolina Industrial Commission, less the attorney fee and credit hereinafter provided.
2. Defendants shall pay all medical expense including the cost of a spinal stimulator and the installation and maintenance thereof for a trial period of five to seven 5-7 days from the date of installation. If at the end of this trial period the medical evidence establishes that future use of the stimulator will provide a continued medical benefit to plaintiff, the appropriate Orders will then be filed by the Full Commission.
3. A credit is allowed and approved for the compensation and wages paid to plaintiff by Wittenbach Business Systems or its carrier subsequent to 22 August 1995 against the compensation herein awarded.
4. An attorney fee of 25 percent of the compensation herein allowed subsequent to deducting the credit herein allowed is hereby approved and awarded to Rebecca L. Thomas for her services to plaintiff to be deducted from the compensation above-provided and paid directly to said attorney in one lump sum with respect to accrued sums and by every fourth weekly compensation payment subsequent thereafter.
5. The said defendant shall pay the costs.
**********
ORDER
At the end of the five to seven 5-7 day trial period for gathering data on the spinal stimulator, the parties shall submit the necessary medical records regarding its use to the Full Commission for a determination of whether its use will be ordered on a continued basis.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER